IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH PETERS, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 08 C 1705 |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) Judge Moran |
| Defendant. | ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), by its attorneys, Daniel K. Ryan and Peter E. Pederson, submits this Answer and Affirmative Defenses to Plaintiff's Complaint:

*Jurisdiction and Venue*

1.      Jurisdiction of this Court is based upon diversity of citizenship. The Plaintiff is a citizen of the State of Illinois while the Defendant is, on information and belief, a citizen of the State of Pennsylvania. The amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Although the controversy at issue here relates to benefits due under an employee benefit plan, the ERISA law is inapplicable since the policy at issue constitutes a "church plan," exempt from ERISA pursuant to 29 U.S.C. § 1003(b)(2).

**ANSWER:**   Admit that this Court has jurisdiction. Admit the allegations in the second sentence of ¶ 1. Admit that plaintiff seeks damages exceeding $75,000.00 exclusive of interest and costs. Deny that plaintiff is entitled to any damages or relief. Deny that the subject group insurance policies are "church plans" exempt from ERISA, 29 U.S.C. § 1003(b)(2). Deny all remaining allegations in ¶ 1.

2. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391.

**ANSWER:** Not disputed.

*Nature of Action*

3. This is a claim seeking long-term disability insurance payments and life insurance pursuant to a waiver of premium on account of disability under two policies of insurance underwritten and insured by the Life Insurance Company of North America (LINA), a CIGNA company, for the benefit of employees of Loyola University of Chicago ("Loyola"), including the Plaintiff. Plaintiff brings this action claiming entitlement to the aforementioned benefits pursuant to a policy of group long-term disability insurance, Policy No. LK-960356 (a true and correct copy of which is attached hereto and by that reference incorporated herein as Exhibit "A") and a policy of group life insurance benefits, Policy No. FLX-960385 (a copy of which has not been made available to the Plaintiff despite request). Plaintiff also seeks penalties and attorneys' fees pursuant to 215 ILCS 5/155.

**ANSWER:** Admit that LINA issued to the Trustee of the National Consumer Trust ("Trust") Group Policy FLX-960385 ("Life Policy"), which provides group life insurance to designated employees of Loyola University Chicago ("Loyola"). Admit that LINA issued to Loyola Group Policy No. LK-960356 ("Disability Policy"), which provides long-term disability ("LTD") benefits to designated employees of Loyola's Stritch Hospital. Admit that plaintiff seeks to recover a waiver of premium benefit under the Life Policy, LTD benefits under the Disability Policy, and penalties and attorneys' fees under the Illinois Insurance Code. Admit on information and belief that plaintiff was eligible to receive coverage under the policies. Deny that plaintiff is entitled to the relief he seeks in this case. Deny all remaining allegations in ¶ 3.

*The Parties*

4. The Plaintiff, Joseph Peters (DOB 10/xx/1950) ("Peters"), is and was a resident of Oak Brook, Illinois at all times relevant hereto.

**ANSWER:** Admitted on information and belief.

5. The Defendant, LINA, is the underwriter and insurer of Group Policy Numbers LK-960356 and FLX-960385 issued to Loyola to provide, respectively, long-term disability benefits and life insurance benefits for its employees. At all times relevant hereto, LINA was engaged in the business of insurance and in the administration of benefits under the aforementioned policies of insurance within the Northern District of Illinois.

**ANSWER:** Admit the allegations in the second sentence of ¶ 5. Admit that LINA issued the Life Policy to the Trust. Admit that Loyola subscribed to the Trust to provide designated employees with coverage under the Life Policy. Admit that LINA issued the Disability Policy to Loyola. Admit that designated employees of Loyola's Stritch Hospital receive coverage under the Disability Policy. Deny all remaining allegations in ¶ 5.

*Statement of Facts*

6. Peters was employed as an Attending Anesthesiologist and Assistant Professor of Anesthesiology at Loyola until October 2005, when he was forced to stop working due to symptoms caused by rheumatoid arthritis. Peters has not been actively employed since that date.

**ANSWER:** Admit that Peters was employed as an Assistant Professor in the Stritch Hospital's Anesthesiology Department until October 2005. Lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of ¶ 6. Deny all remaining allegations in ¶ 6.

7. Peters experiences substantial pain and other symptoms resulting from the rheumatoid arthritis that prevents him from continuing to work in his profession. In addition,

Peters suffers from chronic migraines, hypertension, and diabetes. Due to the combined effects of these conditions, Peters has been and remains unable to perform his former occupation or any occupation.

**ANSWER:**    Admit that plaintiff has been diagnosed with rheumatoid arthritis.  Admit that plaintiff complains of pain, diabetes, and rheumatoid arthritis.  Deny all remaining allegations in ¶ 7.

8.    Subsequent to ceasing his employment, Peters made a claim for long-term disability (LTD) benefits under the LTD policy,[1] stating that beginning in October 2005, due to his condition, he met the Plan's definition of "disability," which states in relevant part that:

> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1.    unable to perform the material duties of his or her Regular Occupation; and
> 2.    unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
> 1.    unable to perform all the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
> 2.    unable to earn 60% or more of his or her Indexed Earnings.

Exhibit A at 2.

**ANSWER:**    Admit that plaintiff completed a claim dated April 23, 2007 for benefits under the Disability Policy.  Admit that ¶ 8 purports to quote the Disability Policy's definition of disability.  Deny that plaintiff met this definition or that his application for benefits was timely.  Admit that plaintiff claimed that the delay in his application occurred because of Loyola's delay

---

[1]    Peters's claim for benefits was made in April 2007. Peters indicated to LINA both in phone and written correspondence that the delay in his application was due to Loyola's failure to notify him he was entitled to LTD benefit coverage under the Plan. When Peters did become aware of his coverage, he made a timely application for benefits.

in notifying him of his coverage under the Disability Policy.  Deny all remaining allegations in ¶ 8.

9. Peters supported his claim for benefits with numerous medical records and reports supporting disability. However, despite overwhelming evidence, LINA denied his claim for LTD benefits on July 13, 2007.

**ANSWER:**  Admit that plaintiff submitted records to support his claim for LTD benefits.  Admit that LINA denied his claim after conducting a thorough investigation and finding that he did not meet the Disability Policy's definition of disability.  Deny all remaining allegations in ¶ 9.

10. In addition to his application for disability benefits, Peters also applied for life insurance Waiver of Premium under the life insurance policy, which Plaintiff has been informed and believes includes the following provisions:

*Benefit Waiting Period*
9 months from the date of the Employee's Active Service ends.

*Applicable Coverages*
Life Insurance Benefits for the Employee, his or her Spouse and Dependent Children, if any.

*Disabled*
An Employee is Disabled if, because of Injury or Sickness, he or she is unable to perform all the material duties of any occupation for which he or she may be reasonably become qualified based on education, training or experience.

*Termination of Waiver*
Insurance will end for any Employee whose premiums are waived on the earliest of the following dates.
1. The date he or she is no longer Disabled.
2. The date he or she refuses to submit to any physical examination required by the Insurance Company.
3. The last day of the 12 month period of Disability during which he or she fails to submit satisfactory proof of continued Disability.
4. The date the Maximum Benefit Period for this benefit, if any, ends.

**ANSWER:** Admit that plaintiff applied for waiver of premium benefits under the Life Policy. Admit that LINA denied the claim after conducting a thorough investigation and finding that he did not meet the Life Policy's definition of disability. Admit that this paragraph purports to quote the Life Policy's waiver of premium provisions. Deny all remaining allegations in ¶ 10.

11. Peters submitted substantial medical evidence to support his claim for life insurance waiver of premium. However, LINA denied the claim on October 12, 2007.

**ANSWER:** Admit that LINA denied the claim for the waiver of premium benefit on October 12, 2007 on the ground that plaintiff did not meet the Life Policy's definition of disability. Deny all remaining allegations in ¶ 11.

12. On December 28, 2007, Peters submitted an appeal of LINA's decisions to deny his long-term disability benefits and life insurance waiver of premium which included additional supporting medical evidence. However, on February 20, 2008, LINA upheld its decision to deny Peters's claims, relying on the opinion of a non-examining doctor it retained to review Peters's file and ignoring without cause the opinions and conclusions of the doctors who have evaluated his fitness to perform anesthesiology.

**ANSWER:** Admit that plaintiff appealed the denial of his claim for LTD benefits. Admit that LINA denied the appeal on February 20, 2008 based in part on an independent rheumatologist who reviewed plaintiff's records and concluded his rheumatoid arthritis did not preclude him from performing his prior occupation. Deny all remaining allegations in ¶ 12.

13. In addition to his claims to LINA, Peters also applied for Social Security disability benefits. Peters was assisted in his claim by a representative hired by LINA to act both on his behalf and on LINA's behalf since LINA would benefit from the Social Security award because Social Security disability benefits offset long-term disability benefits payable. On

August 28, 2007, the Social Security Administration (SSA) awarded Peters disability benefits, finding that he has been disabled since October 31, 2005. This award signified a finding by the SSA that Peters is unable to engage in "any substantial gainful activity." 42 U.S.C. §423(d)(l)(A) (definition of disabled under Social Security Act) (a true and correct copy of the Social Security decision is attached hereto and by that reference incorporated herein as Exhibit "B"). LINA was provided with a copy of the SSA's decision, as well as the entire claim record on which the decision was based, to consider as additional evidence before rendering a decision on Peters's appeal.

**ANSWER:**   Admit that LINA's vendor assisted plaintiff in applying for Social Security Disability Insurance ("SSDI") benefits. Admit that the Social Security Administration awarded plaintiff SSDI benefits based on a finding that he became disabled under the Social Security Act on or around October 31, 2005.  Admit that LINA received a copy of the award.  Deny all remaining allegations in ¶ 13.

14.   The determination by LINA to deny Peters's benefits is contrary to the terms of the Plan and has no rational support in the evidence. The decision is also contrary to the reports of all of the doctors who have evaluated Peters's fitness to work in his profession, as well as the findings of the Social Security Administration and other relevant evidence.

**ANSWER:**   Denied.

15.   As a direct and proximate result of the foregoing, based on the evidence submitted to LINA establishing Peters has met and continues to meet the applicable disability definitions, he is entitled to all benefits due since October 2005, and such benefits must continue until he recovers from disability, dies, or reaches the age of 65, whichever comes first.

**ANSWER:**   Denied.

Count II

1.-16.   Plaintiff realleges paragraphs 1-16 of Count I of his Complaint as paragraphs 1-16 of Count II and by that reference incorporates those allegations herein.

**ANSWER:**   Defendant restates its responses to ¶¶ 1-16.

16.   There is and was in effect in the State of Illinois at all times relevant hereto, a statute codified at 215 ILCS 5/155 which allows the court to assess penalties and attorneys' fees against an insurance company that acts vexatiously and unreasonably.

**ANSWER:**   Admit that § 155 of the Illinois Insurance Code authorizes a court to assess penalties and attorneys' fees for vexatious and unreasonable refusals to pay insurance proceeds.  Deny that LINA engaged in such conduct and that plaintiff is entitled to relief § 155. Deny all remaining allegations in ¶ 16.

17.   The foregoing described conduct constitutes an unreasonable and vexatious delay or refusal of payment on a claim since Defendant has refused to make indemnity payments despite the submission of valid and well-supported proofs of claim; and there is no legitimate dispute as to plaintiff's entitlement to benefits.

**ANSWER:**   Denied.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to benefits under the Disability Policy and Life Policy because the terms, conditions, and exclusions exclude coverage for plaintiff's claims.

## SECOND AFFIRMATIVE DEFENSE

To the extent the Plaintiff seeks punitive damages, without qualification or limitation, this claim violates Defendant's right to due process under the United States Constitution and comparable provisions of the various state constitutions.

## THIRD AFFIRMATIVE DEFENSE

LINA specifically denies any allegation contained in the Complaint which is not expressly admitted.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred under the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

In the event that this Court were to determine that Plaintiff is entitled to LTD benefits under the Disability Policy, the amount of the LTD benefit must be reduced by the amount of the other "Income Benefits" payable to Plaintiff, including, but not limited to, Social Security Disability Insurance Benefits, worker's compensation benefits, or early pension benefits.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the Doctrine of Laches.

### SEVENTH AFFIRMATIVE DEFENSE

1.     The Disability Policy and Life Policy impose the following timing requirements on the submission of proof of loss:

> Written proof of loss, or proof by any other electronic/telephonic means authorized by the Insurance Company, must be given to the Insurance Company within 90 days after the date of the loss for which the claim is made. … In any case, written proof of loss, or proof by any other electronic/telephonic means authorized by the Insurance Company, must be given not more than one year after that 90 day period. If written proof of loss … is provided outside these time limits, the claim will be denied.

2.     Plaintiff contends that he became disabled on October 31, 2005. He had 90 days from the date of this alleged loss in which to submit proof of loss to LINA. That 90 day period expired on January 29, 2006.

3.     The policies state that a claim will be denied if proof of loss is submitted more than one year after the initial 90 day period expired. One year after the 90 day period expired was January 29, 2007.

6318241v1 888084

4. Plaintiff submitted proof of loss under the Disability Policy in April 2007, which more than one year after the initial 90 day period expired. On information and belief, plaintiff submitted proof of loss under the life policy after April 2007. He cannot recover benefits under either of the policies because he provided the proof of loss outside of the policies' time limits.

**EIGHTH AFFIRMATIVE DEFENSE**

1. Plaintiff contends that the subject policies amount to church plans that are outside of ERISA's scope under 29 U.S.C. § 1002(3).

2. To qualify as church plans, the policies must have been obtained by a church or a civil corporation that is controlled by or associated with a church. 29 U.S.C. § 1002(33)(C)(i).

3. On information and belief, Loyola University Chicago is not a church, and it is not controlled by or associated with a church within the meaning of § 1002(33)(C)(i).

4. Therefore, the policies do not constitute "church plans" that are exempt from ERISA. Thus, Plaintiff's state-law claims for benefits under the policies and for penalties and attorneys' fees under the Illinois Insurance Code are barred and preempted by ERISA, 29 U.S.C. § 1144.

WHEREFORE, Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, respectfully requests that the Court enter judgment in its favor and against the Plaintiff, award defendant its costs, and dismiss plaintiffs' claims with prejudice.

| | |
|---|---|
| Daniel K. Ryan<br>Peter E. Pederson<br>HINSHAW & CULBERTSON LLP<br>222 N. LaSalle, Suite 300<br>Chicago, IL 60601<br>312-704-3000<br>312-704-3001 (fax) | Respectfully submitted,<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA<br><br>By: s/Peter E. Pederson<br>     One of its attorneys |

6318241v1 888084

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that on May 16, 2008, I e-filed this document using the Court's CM/ECF filing system, which will make a copy available to counsel of record identified below.

s/ Peter E. Pederson

## SERVICE LIST

Mark D. DeBofsky, Esq.
Daley, DeBofsky & Bryant
55 W. Monroe Street
Suite 2440
Chicago, Illinois 60603
(312) 372-5200
(312) 372-2778 (fax)

6318241v1 888084